UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. SILVIA,<br><br>               Plaintiff,<br><br>v.<br><br>SEARS HOLDING CORPORATION *et al.*,<br><br>               Defendants. | Civil No. 09cv2881-L(CAB)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On December 23, 2009 Defendants Sears Holding Corporation and Sears Home Improvement Products, Inc. ("Sears Home Improvement," collectively "Sears") filed a notice of removal, removing this wrongful termination and wages and hours action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

Sears removed this action based on diversity jurisdiction under 28 U.S.C. Section 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Plaintiff worked as a kitchen installer for Sears Home Improvement. (Compl. at 3.) In 2007, the last full calendar year he was employed there, he earned $60,054.03.[1] (Decl. of

---

[1] Plaintiff was terminated on October 21, 2008. (Compl. at 3.) Sears does not provide any information regarding his earnings in 2008.

Catherine Miller at 2.)  He sued for wrongful termination in violation of public policy, race discrimination, failure to pay overtime wages, violation of California Labor Code Section 203, violation of California Business and Professions Code Section 17200, unfair competition penalty enforcement, and breach of the implied covenant of good faith and fair dealing.  All causes of action are alleged under California law.  Plaintiff seeks lost earnings, other employment benefits and other damages in excess of $25,000 according to proof at trial, unpaid overtime wages, waiting time penalties, punitive damages, injunctive relief, prejudgment interest, costs of suit and attorney's fees.  The complaint does not specify the amount of damages sought.

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683.  "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In the notice of removal Sears argues that Plaintiff's allegations put more than $75,000 at issue.  This argument is based in part on the erroneous assumption, which Sears does not support by citation to legal authority, that Plaintiff would be compensated twice for lost wages and other general damages – once as damages for wrongful termination and then again as damages for race discrimination.  (Notice of Removal at 5.)

Sears further bases its argument on an assumption about the duration of Plaintiff's unemployment since termination.  (*Id*. at 6.)  It argues that if Plaintiff has been unemployed since his termination, the damages for lost wages would exceed the jurisdictional amount.  However, Sears does not offer any factual allegations or evidence in support of the assumption.  Accordingly, it falls short of proof by preponderance of the evidence.

Citations in the notice of removal to other cases where employment discrimination damages exceeded the jurisdictional amount are also unavailing.  (*See id.*) *Pratt v. Vencor, Inc*., 105 Cal. App. 4th 905 (2003), does not discuss the factual context of the case.  It is therefore unclear whether the award in that case is indicative of the amount in controversy in this case.  In

*Akers v. County of San Diego*, 95 Cal. App. 4th 1441 (2002), the plaintiff was a deputy district attorney. Plaintiff in this case is a kitchen installer. *Akers* is therefore not sufficiently similar for its damage award to be relevant to the amount in controversy in this case. While the court accepts the premise advanced by Sears that damages in employment discrimination cases can exceed the jurisdictional amount, the citations do not satisfy the burden to show that it is more likely than not that the jurisdictional amount is met in this case.

Sears concedes that the amount of the unpaid overtime is unknown. (Notice of Removal at 6.) Based on an unsupported assumption, it estimates the waiting time penalties at $3,600. (*Id.* at 7.) While Seras does not offer any estimate of punitive damages or statutory attorney's fees in this case, it points to the complaint to show that both are requested in this case. (*Id.*) Sears therefore has not met its burden of showing that it is more likely than not that the jurisdictional amount is met in this case.

The facts and arguments presented in the notice of removal do not meet the burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: January 28, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL